THE PLAINFIELD.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 234.

1. COLLISION (§ 102*)—STEAM VESSELS IN FOG—MUTUAL FAULTS.

A collision in the middle of the Hudson river in a dense fog, between a steam lighter, which had stopped to take her tow alongside, and a ferryboat crossing the river, held due to the fault of both vessels; the lighter being in fault for having no lookout, and the ferryboat for going at such speed in the fog that, when she discovered the lighter, she was unable to stop in time to avoid collision.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 102.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COLLISION (§ 82*)—VESSELS IN FOG—CONSTRUCTION OF RULES—"NAVIGATE."
In Inland Rules, art. 16, 30 Stat. 99 (U. S. Comp. St. 1901, p. 2880), which provides that "a steam vessel hearing, apparently forward of her beam, the fog signal of a vessel, the position of which is not ascertained, shall, so far as the circumstances of the case admit, stop her engines and then navigate with caution until danger of collision is over," the word "navigate" does not require that the vessels shall keep moving.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 170–174; Dec. Dig. § 82.*

For other definitions, see Words and Phrases, vol. 5, pp. 4684, 4685.

Collision rules, speed of steamers in fog, see note to The Niagara, 28 C. C. A. 532.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by the American Linseed Company, owner of the steam lighter Guy G. Major, against the ferryboat Plainfield; the Central Railroad Company of New Jersey, claimant. Decree dividing damages, and claimant appeals. Affirmed.

James J. Macklin and De Lagnel Berier, both of New York City, for appellant.

Harrington, Bigham & Englar, of New York City (H. S. Harrington and Russell H. Porter, both of New York City, on the brief), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. January 19, 1912, at 7 a. m., the steam lighter Guy G. Major left Elm Park, Staten Island, with the barge Evening Star in tow on a hawser. When about off Ellis Island fog shut in, and when about opposite the Jersey Central ferry slips and in the middle of the river, the lighter stopped to take the barge alongside. At this time the ferryboat Plainfield, coming from New York on her way across the river to Communipaw, struck the lighter on the starboard side near the bow, doing some damage. The District Judge held both vessels at fault; the lighter for having no lookout, and the ferryboat for proceeding at such speed in the fog that, when she discovered the lighter, she was unable to stop in time to avoid a collision. The ferryboat appealed.

[1, 2] There can be no doubt about the fault of the lighter. The proof is that she did blow the fog signals required by law, but she was flagrantly at fault for keeping no lookout in such a dense fog. The District Judge reluctantly held the ferryboat at fault for violating the rule laid down by the courts as to speed in a fog. He described the rule as harsh and cruel. It must, however, be remembered that it is subject to the limitation, in the case of an approaching vessel, that such vessel must be going at a moderate speed. The Umbria, 166 U. S. 404, 417, 17 Sup. Ct. 610, 41 L. Ed. 1053. There is much to be said for the rule when applied in favor of a vessel at anchor, or going in the same direction, or, as in the case under consideration, though under way, not moving. We do not think that the word "navigate," in article 16 of the Inland Rules (30 Stat. 99 [U. S. Comp. St. 1901, p.

2880]) is to be construed as requiring that vessels in a fog shall keep moving.

The ferryboat was properly held liable, and the decree is affirmed,